1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
9   LUIS GALEGO,                          )
            #92606                        )
10                                        )
              Plaintiff,                  )          3:10-cv-00468-LRH-RAM
11                                        )
    vs.                                   )
12                                        )          **ORDER**
    BRUCE BANNISTER, *et al.*,            )
13                                        )
              Defendants.                 )
14  _____/

15          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application

16  to proceed *in forma pauperis* is granted (docket #1).  Based on the information regarding plaintiff's

17  financial status in the application to proceed *in forma pauperis*, plaintiff is required to pay an initial

18  installment of the filing fee pursuant to 28 U.S.C. §1915.

19          The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must

20  *prepay* -- plaintiff will be required to prepay an initial installment of $16.13, instead of having to prepay

21  the full $350 filing fee for this action.  The entire $350 filing fee will, however, remain due from

22  plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the

23  full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C.

24  §1915.  The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's

25  institutional account regardless of the outcome of this action.

26  **I.  Screening Standard**

27          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's

28  claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state

a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC") has sued Nevada Department of Corrections ("NDOC") Medical Director Bruce Bannister, and the following LCC personnel: Warden Robert LeGrand, Nursing Director Don Poag, physician John Scott and nurse Katherine Hegge. Plaintiff asserts that he suffers from severe chest pain, pain in his left lung and shortness of breath, and that he has high blood pressure and a family history of heart problems. He claims that Dr. Scott has examined him and "after a quick, but limited, symptom check" concluded that plaintiff has no heart problems. Plaintiff also alleges that Don Poag responded to his medical kite by stating that plaintiff refused Dr. Scott's recommendations, which plaintiff claims is untrue. Plaintiff alleges that defendants have acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights.

First, plaintiff sets forth no specific allegations against any defendants except Scott and Poag. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Because, aside from Scott and Poag, plaintiff has failed to link the named defendants with some affirmative act or omission, the remaining

defendants must be dismissed.  Accordingly, defendants Bannister, LeGrand, and Hegge are dismissed from this action.

Turning to the substance of plaintiff's Eighth Amendment claims, the Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds), WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See*

4

1   *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir.

2   2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th

3   Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050,

4   1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir.

5   1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner is

6   alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must

7   show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060;

8   *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).  Plaintiff

9   states an Eighth Amendment medical claim against the remaining defendants.

10  **III.   Conclusion**

11          **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis*

12  (docket #1) is **GRANTED.**  Plaintiff Luis Galego, **Inmate No. 92606**, will be permitted to maintain this

13  action to conclusion without prepayment of the full filing fee.  However, plaintiff must pay an initial

14  installment of the filing fee in the amount of **$16.13.**  Plaintiff will not be required to pay fees or costs,

15  other than the filing fee, or give security therefor.  This Order granting *in forma pauperis* status shall

16  not extend to the issuance and service of subpoenas at government expense.

17          **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner

18  Litigation Reform Act of 1996, **the Nevada Department of Corrections shall immediately pay to the**

19  **Clerk of the United States District Court, District of Nevada, the $16.13 initial installment of the**

20  **filing fee, if sufficient funds exist in the account of Luis Galego, Inmate No. 92606**.  Thereafter,

21  Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District

22  of Nevada, 20% of the preceding month's deposits to the plaintiff's inmate account (in months that the

23  account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send

24  a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada

25  Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

26          **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

27  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the

28  Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that defendants Bruce Bannister, Robert LeGrand and Katherine Hegge are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendants John Scott and Don Poag **MAY PROCEED**.

**IT IS FURTHER ORDERED** as follows:

1.  The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2.  The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5.  The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

**IT FURTHER ORDERED** that the following motions: motion re copy work funds (docket #3) and motion to extend prison copywork limit (docket #9) are **DENIED**.

DATED this 10th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

1

2  _____
   Name

3  _____
   Prison Number

4  _____
   Address

5  _____

6  _____

                    UNITED STATES DISTRICT COURT
7                        DISTRICT OF NEVADA

8  _____,  )   Case No. _____
                        Plaintiff,      )
9                                       )
                                        )
   v.                                   )   **NOTICE OF INTENT TO**
10                                      )   **PROCEED WITH MEDIATION**
                                        )
11 _____     )
                                        )
12 _____     )
                        Defendants.     )
   _____)

13

14         This case may be referred to the District of Nevada's early inmate mediation program.  The
   purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
15 which the parties meet with an impartial court-appointed mediator in an effort to bring about an
   expedient resolution that is satisfactory to all parties.

16 1.    Do you wish to proceed to early mediation in this case? _____ Yes  _____ No

17 2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

18       _____

19       _____

20       _____

21 3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court
         in the last five years and the nature of each case. (Attach additional pages if needed).
22
23       _____

24       _____

25       _____

26 4.    List any and all cases, including the case number, that are currently pending or any pending
         grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
27       _____

28       _____

                                          8

1    _____

2    _____

3    5.    Are there any other comments you would like to express to the court about whether this case is
          suitable for mediation.  You may include a brief statement as to why you believe this case is
4         suitable for mediation.  (Attach additional pages if needed).

5    _____

6    _____

7    _____

8    _____

     **This form shall be filed with the Clerk of the Court on or before thirty (30) days from the**
9    **date of this order.**

10        Counsel for defendants: By signing this form you are certifying to the court that you have
     consulted with a representative of the Nevada Department of Corrections concerning participation in
11   mediation.

12

13             Dated this _____ day of _____, 20_____.

14

15                                        _____
                                          Signature
16

17

18                                        _____
                                          Name of person who prepared or
19                                        helped prepare this document

20

21

22

23

24

25

26

27

28