**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LUIS GALEGO, | 3:10-cv-00468-LRH (WGC) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| BRUCE BANNISTER, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court are the following motions: (1) Defendants' Motion for Summary Judgment (Doc. # 35);[1] (2) Plaintiff's Motion for Summary Judgment (Doc. # 46); (3) Plaintiff's Cross-Motion for Summary Judgment (Doc. # 47); and (4) Defendants' Motion to Strike Plaintiff's Cross-Motion for Summary Judgment (Doc. # 50).

After a thorough review, the court recommends that Plaintiff's Cross-Motion for Summary Judgment (Doc. # 47) be construed as his opposition to Defendants' Motion for Summary Judgment. As a result, the court recommends that Defendants' Motion to Strike (Doc. # 50) be denied. Finally, the court recommends that Plaintiff's Motion for Summary Judgment (Doc. # 46) be denied, and that Defendants' Motion for Summary Judgment (Doc. # 35) be granted in part and denied in part.

///

---

[1] Refers to the court's docket number.

## I. BACKGROUND

At all relevant times, Plaintiff Luis Galego (Plaintiff) was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. #11) at 1.) The events giving rise to this action took place at Lovelock Correctional Center (LCC), although Plaintiff currently resides at Ely State Prison (ESP). (*Id.*, Doc. # 59.) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (Doc. # 11.) Defendants are Dr. John Scott and Nursing Director Don Poag. (*See* Screening Order (Doc. # 10) at 3-4.)

On screening, the court determined that Plaintiff sets forth a colorable Eighth Amendment claim for deliberate indifference to a serious medical need. (Doc. # 10.) Specifically, Plaintiff alleges that he suffers from severe chest pain, pain in his left lung, shortness of breath, high blood pressure, and has a family history of heart problems. (Doc. # 11 at 3-4, 6-8.) He claims that Dr. Scott examined him, and after a quick, but limited symptom check, concluded Plaintiff has no heart problems. (*Id.* at 4, 6.) He also alleges that Don Poag responded to his medical kite by stating that Plaintiff refused Dr. Scott's recommendations, which Plaintiff claims is untrue. (*Id.* at 4.)

Defendants move for summary judgment on the following grounds: (1) they were not deliberately indifferent to Plaintiff's serious medical needs; (2) Defendants cannot be sued in their official capacity; and (3) they are entitled to qualified immunity. (Doc. # 35 at 5-11.)

Plaintiff did not oppose Defendants' motion, but rather, filed a Motion for Summary Judgment (Doc. # 47) and Cross-Motion for Summary Judgment (Doc. # 47). Defendants have moved to strike Plaintiff's Cross-Motion for Summary Judgment. (Doc. 50.)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that

2

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In determining summary judgment, a court applies a burden shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied

3

1 and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50, 255 (citations omitted).

### III. DISCUSSION

**A. DEFENDANTS' MOTION TO STRIKE (Doc. # 50)**

Defendants move to strike Plaintiff's Cross-Motion for Summary Judgment because the rules do not contemplate the filing of both a motion for summary judgment and a cross-motion for summary judgment. (Doc. # 50 at 2.)

While Defendants are correct that the court has authority to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter[,]" Fed. R. Civ. P. 12(f), the court also has a duty to "liberally construe the inartful pleading of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted).

4

1  The Ninth Circuit has stated that courts have "a duty to ensure that pro se litigants do not lose
2  their right to a hearing on the merits of their claim due to ignorance of technical procedural
3  requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also*
4  *Solis v. County of Los Angeles*, 514 F.3d 946, 957 n. 12 (9th Cir. 2008) (construing demand
5  for jury trial in motion for counsel as continuing demand even though not in a separate filing
6  because plaintiff was pro se).

7  The court will exercise its discretion to construe Plaintiff's Cross-Motion for Summary
8  Judgment (Doc. # 47) as his opposition to Defendants' Motion for Summary Judgment.
9  Therefore, Defendants' Motion to Strike (Doc. # 50) should be denied.

10 **B. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. # 46)**

11  In his Motion for Summary Judgment, first, Plaintiff states that he appealed an order
12  granting summary judgment and the court's refusal to permit Plaintiff to amend his complaint.
13  (Doc. # 46 at 1.) Plaintiff contends that the dismissal of Plaintiff's complaint was reversed and
14  remanded to permit amendment. (*Id.*)

15  The court notes that there has been no summary judgment order issued in this case to
16  date, and no appeal has been taken with respect to any dismissal or denial of leave to amend.
17  Therefore, the court cannot make sense of Plaintiff's argument. The court performed a search
18  of Plaintiff's other pending and closed cases, and there is no such order or appeal in any of
19  those cases. (*See* 3:09-cv-00439-LRH (RAM); 3:09-cv-00469-LRH (RAM); 3:09-cv-00497-
20  LRH (VPC); 3:10-cv-00758-ECR (VPC).) Plaintiff does make reference to cases in the Northern
21  District of California and the Eastern District of California, and perhaps Plaintiff has confused
22  that case with the instant action, filed in the District of Nevada. (*See* Doc. # 46 at 3, 7.)

23  Plaintiff's Motion for Summary Judgment goes on to repeat the allegations of his
24  Complaint. (*See* Doc. # 46 at 4-5.) He also references a Fourth Amendment claim, which is
25  not part of the instant action, and makes passing reference to qualified immunity. (*Id.* at 6-7.)

26  Plaintiff would have the burden of proof at trial on his Eighth Amendment Claim, and
27  therefore, as the party moving for summary judgment, is required to produce evidence at this
28  juncture that would entitle him to a directed verdict if the evidence went uncontroverted at

5

trial. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480. As such, Plaintiff must establish the absence of a genuine issue of fact on each issue material to his case. *Id.* Plaintiff has failed to produce any evidence to support his motion for summary judgment. *See* Fed. R. Civ. P. 56 (a), (c). In fact, most of Plaintiff's motion appears to confuse this case with various other cases he may have filed. Having failed to meet his burden, the court recommends that Plaintiff's Motion for Summary Judgment (Doc. # 46) be denied.

**C. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. # 35)**

**1. Deliberate Indifference**

Defendants submit various exhibits to support of their argument that they are entitled to summary judgment because Defendants were not deliberately indifferent to Plaintiff's serious medical needs, including: (1) Plaintiff's medical records (Exhibit A); (2) Plaintiff's case notes file (Exhibit B); (3) Plaintiff's Offender Movement History Report (Exhibit C); and (4) Plaintiff's Inmate Issue History (Exhibit D). Defendants fail to authenticate *any* of the exhibits filed in support of their motion.

As a result of Defendants failure to submit authenticated evidence, the court recommends denial of Defendants' motion on this ground. *See e.g.,* Fed. R. Civ. P. 56(c)(4), (e); Fed. R. Evid. 901, *et. seq.; see also Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (proper foundation must be laid for evidence supporting motion for summary judgment, and documents must be authenticated and attached to a declaration of someone who has personal knowledge); *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 341 F.3d 961, 972 n. 7 (9th Cir. 2003) (failure to satisfy authentication requirements justifies disregard of documents by court when reviewing the motion)**.**

**2. Official Capacity Damages Claims**

A state official sued in his or her official capacity for *damages* is not a person subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Claims against defendants in their official capacities are actually suits against the entity of which the named defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is,

6

in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real party in interest in such suits is the entity itself, and the entity, not the named defendant, will be liable for any damages. *Id.*

Plaintiff sues Defendants in their individual and official capacities and seeks to recover compensatory damages. (Doc. # 11 at 2, 21.) Therefore, summary judgment should be granted as to Plaintiff's official capacity damages claims.

### 3. Qualified Immunity

Defendants argue that they are entitled to qualified immunity because even if it is assumed that an Eighth Amendment violation occurred, none of the Defendants could have reasonably known that their conduct violated established statutory or constitutional rights. (Doc. # 35 at 11.)

"[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009) (citation and internal quotations omitted). Under certain circumstances, state officials are entitled to qualified immunity when sued in their personal capacities. *Carey v. Nev. Gaming Control Bd.*, 279 F.3d 873, 879 (9th Cir. 2002). When a state official reasonably believes his or her acts were lawful in light of clearly established law and the information they possessed, the official may claim qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam); *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001). Where "the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009) ("while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory").

In analyzing whether a defendant is entitled to qualified immunity, the court must consider two issues. The court must determine whether the plaintiff alleges a deprivation of a constitutional right, assuming the truth of his factual allegations, and whether the right at

issue was "clearly established" at the time of defendant's alleged misconduct. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (2010) (citation and internal quotation marks omitted). "Whether a right is clearly established turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Id.* (citation and internal quotation marks omitted).

The court finds that an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs is presented under the facts alleged by Plaintiff. Moreover, the court finds that it would clear to a reasonable NDOC employee knowing of Plaintiff's condition that denial or delay of medical care so as to disregard a serious risk to his health would be unconstitutional. The law regarding the Eighth Amendment and deliberate indifference to serious medical needs was clearly established during the time period in question in this case. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

In addition, Defendants' qualified immunity defense is predicated upon the evidence presented in support of their motion, which they failed to authenticate. Accordingly, the court cannot even complete an analysis of this proffered defense. Upon presentation of adequate evidence, prison officials may be relieved of liability in this case. However, if Plaintiff's version of facts were to prevail at trial, a jury may conclude that prison officials were deliberately indifferent to his serious medical needs. Under these circumstances, the court cannot find that Defendants are entitled to qualified immunity at this juncture. Thus, summary judgment is inappropriate on this ground.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order construing Plaintiff's Cross-Motion for Summary Judgment (Doc. # 47) as his opposition to Defendants' Motion for Summary Judgment, and **DENYING** Defendants' Motion to Strike Plaintiff's Cross-Motion for Summary Judgment (Doc. # 50).

**IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for Summary Judgment (Doc. # 46).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **GRANTING IN PART AND DENYING IN PART** Defendants' Motion for Summary Judgment (Doc. # 35). The motion should be **GRANTED** as to Plaintiff's official capacity damages claims. In all other respects, the motion should be **DENIED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: December 29, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE